UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EDMUND J. JANAS, II, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 20-30035-MGM |
| | * | |
| v. | * | |
| | * | |
| | * | |
| DEPARTMENT OF VETERANS AFFAIRS, ET AL., | * | |
| | * | |
| | * | |
| Defendants. | * | |

ORDER

June 24, 2020

MASTROIANNI, U.S.D.J.

1. Plaintiff's motion (Dkt. No. 2) for leave to proceed *in forma pauperis* is GRANTED.

2. The Clerk shall issue summonses for service of the complaint and shall send the summonses, a copy of the complaint, and this Order to the plaintiff, who must serve the defendants with these documents in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshals Service. If directed by the plaintiff to do so, the United States Marshals Service shall serve the above-referenced documents and this Order upon the defendants, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States. Notwithstanding this Order to the United States Marshal Service, it remains plaintiff's responsibility to provide the United States Marshal Service with all necessary paperwork and service information. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 90 days from the date of this Order to complete service.

3. Plaintiff's motion (Dkt. No. 3) to seal and redact witness names is DENIED WITHOUT PREJUDICE. The Court has a process for having confidential materials impounded, i.e. filed

under seal. *See* District of Massachusetts Local Rule 7.2. Rule 7.2 (d) explains that motions for impoundment must be filed and ruled upon prior to submission of the actual material sought to be impounded, unless the court orders otherwise. A case filed in federal court and the documents filed in the case are presumed to be public. *See In re Providence Journal Co., Inc.*, 293 F.3d 1, 13-14 (1st Cir. 2002). "[O]nly the most compelling reasons can justify non-disclosure of judicial records." *National Org. for Marriage v. McKee*, 649 F.3d 34, 70 (1st Cir. 2011), *cert. denied*, 565 U.S. 1234 (2012) (internal citation and citation to quoted cases omitted). Here, plaintiff fails to follow the procedures outlined in Local Rule 7.2 and, more importantly, offers no special circumstances to overcome the strong presumption in favor of maintaining public access to court records.

4. Plaintiff's motion (Dkt. No. 5) to admit further evidence is DENIED WITHOUT PREJUDICE as premature, as discovery has not yet commenced.

5. Plaintiff's motion (Dkt. No. 4) to subpoena and motion (Dkt. No. 6) for medical expert and are DENIED. The *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize funds for expert witnesses and other litigation expenses for indigent parties. "[I]n forma pauperis Plaintiffs, including pro se inmates, are responsible for their litigation fees in civil actions." *Collins v. Bledsoe*, 2014 WL 6982938, at *3 (M.D. Pa. Dec. 9, 2014) (quoting *Hodge v. U.S.*, 2009 WL 2843332, *4–5 (M.D. Pa. Aug. 31, 2009)).

It is So Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge